
COZEN
O'CONNOR

June 26, 2018

**Megan Scheib**
Direct Phone   215-665-5592
Direct Fax     215-701-2250
mscheib@cozen.com

The Honorable Juan R. Sánchez
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 11614
Philadelphia, PA 19106

Re:   **United States v. Scott Allinson, et al.
      Criminal No. 17-390-02**

Dear Judge Sánchez:

We respectfully submit this response to the government's letter to the Court dated June 25, 2018 ("June 25th letter").

## I.   The Rule 29 Argument Challenging The Sufficiency Of The Evidence Is Properly Before the Court

The government has questioned whether our argument is properly before the Court. Mr. Allinson filed timely post-trial motions and raised the precise argument made at the hearing yesterday. The government never before raised the "prejudice-from-variance" argument set forth in the June 25th letter, either in its written response to post-trial motions or at oral argument yesterday. The government has been aware of our position on this issue since we filed our post-trial motions more than two months ago on April 20, 2018. Accordingly, to the extent any legal argument is not properly before the Court, it is the content of the government's June 25th letter.

Mr. Allinson's argument that judgment of acquittal is required on Count One for a failure of evidence is properly before the Court at this time, notwithstanding how the government has construed it after-the-fact. **Constructive amendment and sufficiency arguments are two sides of the same coin: the government failed to prove the charged conspiracy, and the conspiracy that it claims to have proven was not charged.**

## II.  The Court May Not Sustain A Conviction On A Theory Not Charged Or Presented To The Jury

As argued at the hearing, the government charged a broad conspiracy in the indictment, but failed to bring sufficient evidence at trial to prove that conspiracy beyond a reasonable doubt. At the hearing yesterday, the government responded to Mr. Allinson's challenge to the sufficiency of the evidence by positing an uncharged theory of conspiracy. Specifically, the government argues that the common objective connecting the "spokes" in this conspiracy was to elect Mayor Pawlowski to the United States Senate. Putting aside, for purposes of argument,

The Honorable Juan R. Sánchez
June 26, 2018
Page 2

---

that this theory of the offense was not charged or presented to the jury at trial, **the election of a public official is not a cognizable conspiratorial objective – it is not an unlawful act**. AUSA Wzorek argued yesterday that "overt acts" do not need to be criminal, and we certainly agree on that point – but this argument misses the mark – it is the unlawful objective of the conspiracy that must be a crime, and which is dispositive to the question of interdependence/common goal in a hub-and-spoke conspiracy.

The objective that the Court correctly charged to the jury and that the government argued throughout the case against Mr. Allinson was federal program bribery – to wit, the alleged exchange of campaign contributions for an official act by Mayor Pawlowski, namely, legal work awarded to the Norris McLaughlin firm. Mr. Allinson was not charged with attempting to obtain federal contracts from a hopeful United States Senate candidate, nor was he charged with conspiring to elect a public official to office. This argument by government counsel is totally belied by the charges and the record in this case, and unsupported by the law.[1] More importantly, however, **the Court may not sustain a conviction on a theory that was not submitted to the jury**. To do so would deprive the accused of liberty absent due process and Sixth Amendment Protections.[2]

### III. There Was A Constructive Amendment Between The Charges In Count One And The Proof At Trial, Which Is *Per Se* Reversible

A constructive amendment is a type of variance. And a variance arises when the trial evidence proves facts materially different from those charged, such as when the evidence fails to prove the charged scheme but may prove a different one. See, e.g., United States v. Miller, 527 F.3d 54, 69-70 (3d Cir. 2008). The government persuaded the Court pretrial that Mr. Allinson was properly charged in a unitary conspiracy to commit federal program bribery. While Mr. Allinson contested that ruling and does not waive his objection to it, it is the law of the case.[3]

Moreover, the government is estopped from taking a contrary position now, because it persuaded the Court to adopt that position to Mr. Allinson's detriment. The Court instructed the jury consistent with that theory, that the object of the criminal conspiracy charged against Mr. Allinson was bribery. The sufficiency question is whether the government proved that conspiracy, including interdependence among the coconspirators identified in Count One. Upholding the conviction on a different theory would constructively amend the indictment and violate due process.

The government's most recent prejudice-from-variance argument concedes that it did not prove the charged conspiracy. This argument is also mistaken, in two respects. First, a variance rises to the level of a constructive amendment when it permits conviction on an offense other than the charged offense. Here, the government posits that Mr. Allinson was convicted of a conspiracy that differs in scope and objective from the charged conspiracy. This is a variance

---

[1] The underlying facts also do not support the government's most recent theory of the offense. Pawlowski's senatorial campaign did not arise until Spring 2015, the conspiracy charged in Count One allegedly began three years earlier in 2012.
[2] E.g., Dunn v. United States, 442 U.S. 100, 106-107 (1979); Cole v. Arkansas, 333 U.S. 196, 202 (1958); United States v. Salmon, 944 F.2d 1106, 1115 n. 1 (3d Cir. 1991)(abrogated on other grounds, United States v. Caraballo-Rodriguez, 726 F.3d 418 (3d Cir. 2013)(en banc).
[3] See Order (Dec. 7, 2017)(Dckt. # 47)(denying Mr. Allinson's Motion to Dismiss Count One and Nineteen). The Court specifically addressed the government's failure to allege interdependence, but correctly stated that it is one of the elements that must be proven at trial. Now with the benefit of the trial record, it is readily apparent that the government failed to do so and, thus, the Court should enter a judgment of acquittal on Count One.

of the constructive amendment type, so no showing of prejudice is required. United States v. Vosburgh, 602 F.3d 512, 532 (3d Cir. 2010). Indeed, instances of constructive amendment are *per se* reversible. *Id.*

### IV. Assuming *Arguendo* Prejudice Is Required, Such A Finding Is Amply Supported By The Record

Mr. Allinson attempted to avoid spillover prejudice at every turn, but was prevented from doing so in the face of consistent government opposition. The government opposed Mr. Allinson's efforts to sever his case, to prevent the indictment from being sent back to the jury, as well as his efforts to redact the conspiracy count before it went to the jury. The jury was instructed to use the indictment as an "aid" to its deliberations, and to consider the indictment as "the formal way of **specifying the exact crimes the defendant is accused of committing.**" See Final Jury Instructions, p. 12 (emphasis supplied).[4]

Evidentiary spillover is unavoidable when the government charges a vast conspiracy in an indictment, presents evidence at trial of that vast conspiracy, and sends the indictment back into the jury room as a roadmap to aid in its deliberations. Further, many of the individuals Mr. Allinson is alleged to have conspired with in Count One took the stand pursuant to plea and/or cooperation agreements in the government's case-in-chief, admitting that they were involved in the charged conspiracy and providing other incriminating evidence as to Count One. The presentation of evidence in this manner and the government's reliance on the indictment far outweigh any caveats the government may have provided about what the "actual" charges against Mr. Allinson were in Count One, as well as the Court's conscientious efforts to instruct the jury of the same.[5]

### V. The Government Should Not Be Permitted To Try Defendants *En Masse* For A Conglomeration Of Distinct And Separate Offenses Charged Against Numerous Others[6]

Lastly, the government's letter raises the alarming specter that the government believes indictments to steer the jury during its deliberations; for the admissibility of coconspirator statements at trial; etc., and then, when called to account for the unavoidable prejudice or legal error presented therein, claim that an oral modification of the indictment is a panacea. Due process does not permit the government to wield its considerable power against defendants in such a manner – especially where the charging decision and wording of the indictment is solely within its purview.

For all of the reasons set forth in the post-trial motions and during oral argument before Your Honor yesterday, we respectfully ask that judgment of acquittal be entered as to Count One against Mr. Allinson.

---

[4] A copy of the pertinent excerpt from the jury instructions is attached hereto as Exhibit A.
[5] Accord United States v. Kemp, 500 F.3d 257, 291 (3d Cir. 2007)(the risk of prejudice increases with the scope of the improperly charged conspiracy). Count One identified eight separate events, or criminal objectives, totally unrelated to Mr. Allinson and ten individual defendants charged in connection with these events, as well as numerous other uncharged coconspirators. See also Mr. Allinson's Motion for Severance (Nov. 9, 2017)(Dckt. # 30)(arguing spillover prejudice from Count One).
[6] Id. (recognizing that the rule against variances protects the right of defendants not to be tried *en masse* in the manner set forth in Count One of the Indictment against Mr. Allinson).

The Honorable Juan R. Sánchez
June 26, 2018
Page 4

---

Thank you for your consideration.

Respectfully,

COZEN O'CONNOR

By: Megan Scheib

MS

cc: AUSA Anthony J. Wzorek
AUSA Michelle L. Morgan
Jack J. McMahon, Esquire

# Exhibit "A"

### **Summary of the indictment**

As you know, Defendants Edwin Pawlowski and Scott Allinson are charged in the indictment with violating federal law.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

At the time of the events charged, Edwin Pawlowski was Mayor of Allentown, Pennsylvania. Scott Allinson was an attorney at the law firm of Norris McLaughlin & Marcus in Allentown, Pennsylvania.

The Indictment contains fifty-five separate counts. Each of those 55 counts charges at least one Defendant with the commission of a separate crime. Edwin Pawlowski is charged in fifty-four counts. Scott Allinson is charged in two counts. Count One accuses Allinson of conspiracy to commit bribery. Count Nineteen accuses Allinson of the underlying bribery offense, referred to as federal programs bribery.

I will send a copy of the indictment to the jury room with you to aid in your deliberations.