IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-390-2 |
| | : | |
| SCOTT ALLINSON | : | |

## ORDER

AND NOW, this 2nd day of July, 2019, upon consideration of Defendant Scott Allinson's Motion to Compel Certain Post-Verdict Discovery Relief, the Government's response thereto, and Allinson's reply, it is ORDERED the Motion (Document 270) is GRANTED in part and DENIED in part as follows:

- The Motion is GRANTED insofar as Allinson seeks an order compelling the Government to make available for inspection Mike Fleck's personal desktop computer. The Government shall reproduce the contents of this computer to Allinson on or before July 16, 2019.

- The balance of the Motion is DENIED.[1]

---

[1] On March 1, 2018, Defendants Scott Allinson and former Allentown, Pennsylvania, mayor Edwin Pawlowski were convicted of corruption-related offenses for their involvement in a pay-to-play scheme orchestrated by Pawlowski. On October 22, 2018, Pawlowski filed a motion to compel post-conviction discovery of alleged *Brady* material, which Allinson joined. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). The motion identified five categories of materials Pawlowski believed the Government had obtained but failed to disclose to the defense, including, inter alia, files from "personal home computers" belonging to two Government cooperators, Sam Ruchlewicz and Mike Fleck, and Fleck's wife, as well as emails and text messages from an "additional" phone belonging to Ruchlewicz. Pawlowski Mot. Compel 4. In response, the Government asserted the requested materials had been produced or made available to the defense before trial or were not in the Government's possession, custody, or control, as reflected on a "discovery spreadsheet and other documentation" provided to the defense." Gov't Resp. to Pawlowski Mot. Compel 2, 4. With respect to the personal home computers, the Government represented that it had produced content from all computers seized from Ruchlewicz, Fleck, and Fleck's wife, except for Fleck's personal desktop computer, which the Government had seized but never examined because Fleck did not utilize it for work and the Government did not believe it

was likely to contain relevant information. The Government represented that this computer was available to the defense for inspection upon request. *Id.* at 5. As to Ruchlewicz's additional cell phone, the Government represented that it did not obtain records for the phone as its utilization post-dated the time frame of the Government's investigation. *Id.* at 6. Neither Pawlowski nor Allinson submitted a reply to the Government's response. On December 10, 2018, the Court denied the motion to compel, accepting the Government's unchallenged assertion that it had turned over all the requested items in its possession and noting that, for most of the requested categories, Pawlowski had not explained how the evidence was favorable to him and material to his guilt or punishment, as required under *Brady*. *See United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005). The Court also found the Government was not in possession of the contents of Fleck's computer, because the Government had not examined those contents. Order, Dec. 10, 2018.

Allinson moved for reconsideration on December 20, 2018, disputing the Government's contention that, for *Brady* purposes, it did not possess the contents of devices it seized but did not examine, including Fleck's personal desktop computer and Ruchlewicz's additional cell phone. Allinson also sought an evidentiary hearing to address this issue. On January 17, 2019, the Court denied the motion. The Court rejected Allinson's contention that the Government had a duty to examine the contents of Fleck's computer or Ruchlewicz's cell phone and noted Allinson also failed to explain how the evidence came within *Brady*, since "pure speculation that exculpatory information might exist is insufficient to sustain a *Brady* claim." Order, Jan. 17, 2019 (quoting *United States v. Georgiou*, 777 F.3d 125, 141 (3d Cir. 2015)). The Court also denied Allinson's request for an evidentiary hearing, noting that although the Government had produced a discovery spreadsheet reflecting that the requested items either had been produced or were not in the Government's possession, Allinson and Pawlowski had apparently made no effort to verify the existence of the discovery materials or to request inspection of any evidence maintained by the Government. *Id.*

A week later, on January 25, 2019, Allinson's counsel submitted an affidavit, stating Allinson had never received the discovery spreadsheet and other documentation referenced in the Government's response to the initial motion to compel. The Court held a teleconference with the parties regarding the affidavit on February 5, 2019, and on February 7, 2019, with the Government's consent, the Court entered an Order proposed by the parties which vacated the January 17, 2019, Order in part and permitted the parties 120 days "to engage in the necessary review of discovery to evaluate the *Brady* claims raised by the Defense, and within which to file any necessary supplemental pleadings." Order, Feb. 7, 2019.

Allinson thereafter made a request to the Government to review any discovery materials that had not been "physically/digitally provided to the defense pre-trial," including "the personal devices belonging to Michael Fleck and Sam [Ruchlewicz]," and also requested the Government provide "whatever document or evidence log identified these particular items in discovery pre-trial." Allinson Mot. Compel Ex. A. In response, the Government proposed copying data from Fleck's computer onto a hard drive and requested Allinson provide a specific list of the items he wished to inspect. *Id.* Ex. B at 8. Allinson provided the Government with two hard drives for use in copying data, but instead of specifying any additional items he wished to inspect, requested the Government first identify "the universe of . . . items/data . . . not produced to [the Defense] and how the [G]overnment contends" it made the Defense aware those items were available for inspection. *Id.* Ex B at 6–7. The Government thereafter copied certain data onto the hard drives provided by Allinson, but declined to provide the requested index, instead referring Allinson to its

response to Pawlowski's original motion to compel, in which it addressed each of the five categories of materials at issue. *Id.* at 3–4. The Government also contended that items seized from Fleck's home and business were documented on paperwork that was produced, including property receipts. *Id.* Ex. B at 4.

On April 30, 2019, Allinson filed the instant motion to compel, seeking from the Government (a) "an index of all evidence in its possession that was not provided to Defense Counsel in pre-trial discovery and [is] available only for inspection"; (b) such evidence for inspection; and (c) "whatever document and/or communication . . . advised Defense Counsel pre-trial that there was evidence in its possession that was available only by request for inspection." Allinson Mot. Compel 3–4. Allinson argues that without the requested index, he cannot identify the items he wishes to inspect. *Id.* at 2–3. In response, the Government again notes Allinson has been free at all times to request inspection of any evidence maintained by the Government. With respect to Allinson's request for an index of all evidence in the Government's possession that was not provided in pre-trial discovery but was available for inspection, the Government represents that the only such item of which it is aware is Fleck's home computer. Gov't Resp. to Allinson Mot. Compel 8. The Government further represents that "a mirror image of the hard drive from the Fleck computer was made and provided to the defendant." *Id.* at 6. Allinson, on the other hand, acknowledges receiving "a limited production of mirrored images of hard drives containing files from Alison Fleck's iPad and several cell phones/phone SIM cards," but denies receiving a copy of the Fleck home computer. Allinson Reply 4 & n.4. Allinson also requests an evidentiary hearing to make a record regarding discovery that he believes exists but that the Government has failed to produce or identify. *Id.* at 1, 5-6.

The January 7, 2019, Order provided an opportunity for additional review of discovery to allow the parties to evaluate the *Brady* claims raised in Pawlowski's original motion to compel, in light of Allinson's contention that he had not received a discovery spreadsheet and other materials referenced in the Government's response to the motion and was not aware the Government possessed items only available for inspection, and in light of the Government's position that it did not object to permitting inspection of evidence in its possession. To date, Allinson has requested to inspect two items: Fleck's desktop computer and Ruchlewicz's additional phone. Although the Government is willing to produce the data from Fleck's computer, for reasons that are unclear to the Court, the parties dispute whether that information has been produced to date. Accordingly, the Court orders the Government to reproduce the contents of Fleck's computer to Allinson's counsel for inspection by July 16, 2019. Allinson will have thirty additional days to review the contents and file any necessary supplemental pleadings. To the extent Allinson requests the Government produce an additional cell phone owned by Ruchlewicz for inspection, that request is denied. There is no indication this cell phone is in the Government's possession. In its response to Pawlowski's motion to compel, the Government represented only that it did not obtain the records for this phone because "[t]he utilization of this number post-dated the time frame of the investigation." Gov't Resp. to Pawlowski Mot. Compel 6. The Government did not indicate that it seized the phone, and the Government now represents that the only item that it possesses but did not produce was Fleck's home computer. Gov't Resp. to Allinson Mot. Compel 8.

Allinson's request that the Government provide an index of items not produced but only available for inspection is also denied. The Government represented that Fleck's desktop computer is the only such item. Allinson's citation to *United States v. Velarde*, 485 F.3d 553 (10th Cir. 2007), in support of his request to conduct further post-trial inquiry into what the Government has is

3

It is further ORDERED Allinson's May 23, 2019, letter request for additional time to conduct discovery is GRANTED insofar as the parties shall have until August 15, 2019, to complete their review of discovery in order to evaluate the *Brady* claims raised by the defense and to file any necessary supplemental pleadings.

BY THE COURT:

  /s/ Juan R. Sánchez  
Juan R. Sánchez, C.J.

---

unavailing. In *Velarde*, the defendant sought additional discovery to probe the nature of potentially withheld false accusations made by the victim. *Id.* at 560–61. The Court remanded for further discovery after distinguishing the request from "a mere fishing expedition based on the defendant's mere hopes of finding exculpatory evidence." *Id.* at 561. Allinson's instant motion to compel is distinguishable from *Velarde*, in that Allinson has not pointed to discrete withheld statements that could impeach a witness. His request instead is a fishing expedition premised on the currently unsupported hope that something exculpatory will appear. This relief is particularly not warranted here, where the Court previously found Pawlowski and Allinson had failed to explain why most of the requested materials were *Brady* material, i.e., favorable and material to guilt or punishment. For these reasons, the balance of the motion to compel is denied.