IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-390-2 |
| | : | |
| SCOTT ALLINSON | : | |

## ORDER

AND NOW, this 24th day of September, 2019, upon consideration of Defendant Scott Allinson's Motions for Reconsideration of his Motion to Compel Certain Post-Verdict Discovery Relief and Post-Trial Motions for Relief, it is ORDERED the Motions (Document 277 & 282) are DENIED.[1]

---

[1] On October 22, 2018, Defendant Edwin Pawlowski filed a motion to compel, alleging the Government failed to turn over evidence it was required to provide to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and requesting the improperly withheld materials be provided. Co-Defendant Scott Allinson joined in the motion, and neither Pawlowski nor Allinson requested a hearing on the motion. In its response to the motion, the Government addressed each category of materials Pawlowski and Allinson sought, explaining that the requested materials either had been produced by the Government or were not in the Government's possession, custody, or control. Neither Pawlowski nor Allinson sought leave to file a reply. On December 10, 2018, the Court denied the motion to compel, crediting the Government's unrebutted explanation and finding Pawlowski had failed to explain why most of the requested materials were *Brady* materials. Allinson moved for reconsideration on December 20, 2018. On January 17, 2019, the Court denied the motion for reconsideration, reasoning the Government did not have a duty to examine the contents of the Fleck computer or a cell phone belonging to Ruchlewicz. *See* Order, Jan. 17, 2019, ECF No. 262. Allinson also failed to explain how the evidence was *Brady* material, because "pure speculation that exculpatory information might exist is insufficient to sustain a *Brady* claim." *United States v. Meehan*, No. 11-440-1, 2016 WL 4901128, at *20 (E.D. Pa. Sept. 15, 2016) (quoting *United States v. Georgiou*, 777 F.3d 125, 141 (3d Cir. 2015)).

On January 25, 2019, Allinson's counsel submitted an affidavit, stating that a "discovery spreadsheet and other documentation" the Government turned over to Pawlowski in response to the initial motion to compel had not been turned over to Allinson. The Court held a status conference on February 5, 2019. On February 7, 2019, with the Government's consent, the Court vacated its January 17, 2019, Order in part and permitted the parties 120 days to conduct discovery necessary to evaluate a *Brady* claim.

The parties disagreed as to how discovery should proceed and on April 30, 2019, Allinson filed a motion to compel seeking (a) "an index of all evidence in its possession that was not provided to Defense Counsel in pre-trial discovery and which it now contends were available only

for inspection"; (b) such evidence for inspection; and (c) "whatever document and/or communication it now contends informed, notified or otherwise advised Defense Counsel pre-trial that there was evidence in its possession that was available only by request for inspection." Allinson Mot. Compel, 3–4, ECF No. 270. On July 2, 2019, the Court granted in part and denied in part Allinson's motion to compel, ordering the Government to make available for inspection Mike Fleck's personal desktop computer and denying the rest of the motion. *See* Order, July 2, 2019, ECF No. 276. Allinson subsequently filed the above-referenced motion for reconsideration. On September 12, 2019, Allinson also filed the above-referenced motion for reconsideration for post-trial relief requesting a new trial.

"[M]otions for reconsideration may be filed in criminal cases." *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). A motion for reconsideration may be granted where the moving party shows one of the following grounds: "(1) the availability of new evidence not previously available; (2) an intervening change in controlling law; or (3) the need to correct a clear error of law or to prevent manifest injustice." *See United States v. Georgiou*, No. 09-88, 2011 WL 6150596, at *5 (E.D. Pa. 2011), *aff'd*, 777 F.3d 125 (3d Cir. 2015).

Although Allinson fails to specify which of these grounds provides the basis for his motion, Allinson argues his motion for reconsideration should be granted because the Government has misrepresented what evidence was required to be requested. To date, Allinson asserts there is additional evidence withheld beyond Fleck's personal desktop computer. To this Court, the Government has only represented Fleck's computer as the evidence withheld from Allison. Nonetheless, Allinson argues there is outstanding and unexamined material that may contain information material to guilt or punishment.

This argument is unpersuasive. Specifically, Allinson advances the same arguments as he did in his first motion for post-trial motions and his April 30, 2019, motion to compel. This Court has already addressed Allinson's arguments and nothing in Allinson's motions for reconsideration persuades the Court to reach a different conclusion.

The Government has represented that only Fleck's desktop computer was not produced during pre-trial discovery. The Court finds no reason to discount these representations in light of the Government's duty to produce under *Brady*. Despite Allinson's argument that other evidence exists, Allinson cannot point to any such evidence with any specificity or any likelihood that it holds material evidence. *See Meehan*, 2016 WL 4901128, at *20 ("[P]ure speculation that exculpatory information might exist is insufficient to sustain a *Brady* claim."). Accordingly, Allinson's motion for reconsideration of his motion to compel certain post-verdict discovery relief is denied.

Further, with regard to his request for reconsideration of his post-trial motions for relief, Allinson has failed to come forward with any exculpatory or material evidence lying within the evidence the Court *did* compel the Government to produce—specifically, Fleck's computer. Considering this, Allinson has not established a basis for the Court to revisit its prior analysis of Allinson's post-trial relief by showing new evidence, an intervening change in the law, clear error, or manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (holding reconsideration is appropriate if the party seeking reconsideration shows an intervening change in the controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice). As a result, and because Allinson's motion for reconsideration of his post-trial motions for relief assert the same arguments as his prior motions—which this Court has denied—Allinson's request for

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

reconsideration of his post-trial motions for relief—in which he seeks a new trial or granting of his motion to compel—is denied.